IT IS SO ORDERED.

Dated:  24 May, 2018 03:44 PM



JESSICA E. PRICE SMITH
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE:

SCOTT ALLEN MARINCEK

            DEBTOR.

_____

ROBERT HEADLEY

            PLAINTIFF.

      v.

SCOTT ALLEN MARINCEK

            DEFENDANT.

IN PROCEEDINGS UNDER CHAPTER 7

CASE NO. 17-10809

ADV. NO. 17-1111

JUDGE JESSICA E. PRICE SMITH

**MEMORANDUM OF OPINION AND ORDER**

      The matters before the Court are the parties' cross-motions for summary judgment. Plaintiff Robert Headley filed a motion for summary judgment (Doc. No. 9), to which Defendant Scott Allen Marincek responded by filing his own motion for summary judgment (Doc. No. 11). Plaintiff also filed a memorandum in opposition to Defendant's motion (Doc. No. 17). Plaintiff obtained a pre-petition state court judgment against Defendant that Plaintiff

1

contends is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2). After reviewing the pleadings, exhibits, and applicable law, this Court grants the Plaintiff's Motion and denies the Defendant's.

**Jurisdiction**

This Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and General Order No. 2012-7 entered in this district by the United States District Court for the Northern District of Ohio. This is a core proceeding.

**Factual Background and Procedural History**

This case concerns the Plaintiff's request for a determination of non-dischargeability as to a Summit County, Ohio Common Pleas Court Judgment, Case No. CV 2012 10 5970. The state court found that there was an agreement between the Plaintiff and the Defendant whereas the Plaintiff would provide a demonstration flight in his private jet in hopes that the Defendant would purchase same. The parties also agreed that Defendant would be responsible for the charges and expenses of demonstration flight if the airplane was not purchased by the Defendant. Plaintiff provided the Defendant with the demonstration flight. The Defendant did not purchase the airplane, and the Plaintiff sent him an invoice for $10,280.50. Defendant refused to pay, resulting in the instant state court action.

The jury trial took place on January 13, 15, and 16, 2014. Plaintiff asserted two alternate claims (1) breach of contract, and (2) theft of goods and services/fraud. At the start of the trial, the court informed the Plaintiff that he would only be entitled to one recovery if both claims were based on the same set of facts. The jury returned a verdict for the Plaintiff on both of the claims, awarding $10,280.50 on the breach of contract claim, and $5000.00 on the theft/fraud

claim. After the jury was instructed as to the Plaintiff's request for punitive damages and attorneys' fees, the jury awarded $17,500.00 in punitive damages, and attorneys' fees in an amount to be determined at a later hearing. At the close of the trial, the court expressed concern that the verdicts were not consistent with the facts presented in that both claims were reliant on the same set of facts, and requested briefing from both parties on the issue. Both parties briefed the issue, with Defendant's brief titled "Consolidated Motion for Direct Verdict and Brief as to Verdict," which the court construed as a motion for a judgment notwithstanding the verdict.

After considering the parties' submissions, on January 30, 2014, the court awarded judgment to the Plaintiff only as to the breach of contract claim for $10,280.50 plus interest. The court granted judgment notwithstanding the verdict, per Ohio Civil Rule 50(B), to the Defendant on the theft/fraud claim, stating that there was no evidence presented of a separate tort, and that the Plaintiff was not entitled to a double recovery.

Plaintiff appealed the decision to the Ninth Judicial District Court of Appeals, which held that the trial court erred by converting Defendant's post trial motion into a motion for a judgment notwithstanding the verdict as to the fraud count. The appeals court found that the actions of the trial court deprived the Plaintiff of proper opportunity to respond as per Ohio Civil Rule 50(B), reversing the judgment and remanding to the trial court for further proceedings.

On remand, Defendant filed a motion for judgment notwithstanding the verdict, and Plaintiff filed a motion for judgment in conformity with the verdict. After review of the parties' respective filings, the trial court entered judgment for the Plaintiff as to the breach of contract claim, and judgment notwithstanding the verdict as to the theft fraud claim, again noting that Plaintiff was not entitled to a double recovery. However, the court also found that the punitive damage award as well as the award of attorneys' fees were "not necessarily incompatible with

this court's judgment entry awarding damages only on the plaintiff's breach of contract claim." Noting that "[t]he jury's award on plaintiff's fraud claim represents their finding that the defendants acted fraudulently . . ,ABC," the court found that "this case falls into the narrow category of cases in which plaintiff is entitled to punitive damages in association with his breach of contract claim." The state court's final judgment consisted of judgment for the Plaintiff on the breach of contract claim with an award of $10,280.50 plus prejudgment and post judgment interest, judgment notwithstanding the verdict for the Defendant on the theft/fraud claim, plus an award to the Plaintiff of punitive damages of $17,500.00 and attorneys' fees of $34,500.00.

## Legal Analysis

**Summary Judgment Standard**

Granting a motion for summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" Fed. R. Civ. P. 56. "The [reviewing] court must view the facts and draw all inferences 'in the light most favorable to the party opposing the motion.'" *Unan v. Lyon*, 853 F.3d 279, 290 (6th Cir. 2017) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Summary judgment should not be granted if there are issues of material fact that could be reasonably resolved in favor of either party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986).

The parties to this action filed cross-motions for summary judgment, authorizing this court to assume that there is no evidence that is necessary to consider beyond that supplied by the parties. *In re Rapp*, 375 B.R. 421, 428 (Bankr.S.D. Ohio 2007).

**Issue Preclusion**

In the context of a non-dischargeability action, the bankruptcy court must give a state court judgment the same preclusive effect that it would get in that state. *In re Thompson*, 528 B.R. 721,736 (Bankr.S.D. Ohio 2015). Issue preclusion "requires that the precise issue in the later proceedings have been raised in the prior proceeding, that the issue was actually litigated, and the determination was necessary to the outcome." *Spilman v. Harley*, 656 f.2d 224, 228 (6th Cir. 1981). The same parties must have been parties to the prior litigation, and the precise issue must have been necessary to the decision. *Id*. See also *In re Sweeney*, 276 B.R. 186, 189 (6th Cir. BAP 2002). Both parties agree that issue preclusion applies in this case.

**The Debt is Excepted From Discharge Per § 523(a)(2)(A)**

The Plaintiff's complaint seeks to except from discharge this debt pursuant to 11 U.S.C. § 523(a)(2)(A) which provides (in pertinent part):

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

11 U.S.C. 523(a)(2)(A). In order to be successful, Plaintiff bears the burden of proof to establish these elements by a preponderance of the evidence. *In re Mills*, 345 B.R. 598, 603 (Bankr.N.D. Ohio 2006).

In its motion for summary judgment, Plaintiff argues that the state court judgment should be non-dischargeable since the state court jury initially found fraud and that finding of fraud was "merged into" the contract damages, and that the jury returned an award for punitive damages and attorneys' fees, which required a finding of fraud. (Pl. Mot. Summ. J. pp. 5, 7). Defendant's

motion for summary judgment argues that since the state court rendered a final judgment in favor of the Defendant as to fraud count, that this court must find in Defendant's favor as to dischargeability, regardless of the punitive damages award. (Def. Mot. Summ. J. p.7-8).

A court speaks only through its judgments. However, a reviewing court may analyze the entire record of a case when deciding the grounds of that court's judgment. *In re Grimsley*, 449 B.R. 602, 614-15 (Bankr.S.D. Ohio 2011). In Ohio, punitive damages are not usually recoverable on a breach of contract claim, but:

> "[w]here the acts constituting a breach of contract also amount to a cause of action in tort, there may be a recovery of exemplary damages upon proper allegations and proof . . . In order to permit a recovery, however, the breach must be attended by some intentional wrong, insult, abuse, or gross negligence which amounts to an independent tort."

*Saberton v. Greenwald*, 66 N.E. 2d 224, 229-30 (Ohio 1946). Further, a bankruptcy court may infer a finding of fraud by a state court when that court awards punitive damages against the debtor. *Grimsley*, 449 B.R. at 618.

Here, the state court's final judgment found for the Plaintiff on its breach of contract count, for the Defendant (JNOV) on the fraud count, but left standing the jury award for Plaintiff as to punitive damages and attorneys' fees. (Pl. Ex. A {State Court Final Judgment} p. 10-11). By way of explanation, the state court noted:

> "[T]he jury was instructed on and considered whether defendants acted fraudulently in their dealings with plaintiff. The jury's award on plaintiff's fraud claim represents their finding that defendants acted fraudulently in their dealings with plaintiff. Thus, the jury's award of punitive damages in this case is not incompatible with the award as to plaintiff's breach of contract claim.

*Id.* p. 10. The jury instructions in the state court case defined "Elements of Fraud" as follows:

(A)(1) A false representation of fact that was made with knowledge of its falsity or with utter disregard and recklessness about its falsity that knowledge may be concluded.
(or)

6

> (A)(2) A knowing concealment of fact which was done when there was a duty to disclose.
> (and)
> (B) The representation and/or concealment was material to the transaction; and
> (C) The representation and/or concealment was made with the intent of misleading plaintiff into relying upon it; and
> (D) The plaintiff was justified in relying on the representation and/or concealment, and did, in fact, so rely; and
> (E) The plaintiff was injured and the injury was directly caused by his reliance on the representation and/or concealment.

(Pl. Mot. Summ. J. Ex. B {jury instructions}, p. 8). The jury instructions also defined the standard for the awarding of punitive damages:

> "[Y]ou may not do so unless you find that the plaintiff has met his burden to prove by clear and convincing evidence that Defendant[] . . . acted with malice in committing theft of goods and services or fraud . . ."

*Id.* at p. 14.

In other words, in order for the jury in the state court to have awarded punitive damages, they had to find by clear and convincing evidence that Defendant "acted with malice in committing theft of goods and services or fraud" with fraud defined as "a false representation of fact, whether by words, conduct or concealment which misleads and is intended to mislead another so that he relies on it to his injury." (Pl. Mot. Summ. J. Ex.. B {jury instructions}, pgs 8, 14). These findings meet the elements required to except a debt from discharge under 11 U.S.C. § 523(a)(2)(A).

## Conclusion

The state court found that the Defendant breached his contract with Plaintiff by obtaining services from Plaintiff by fraudulent misrepresentation or actual fraud, to a standard of proof that exceeds a preponderance of the evidence. This Court must give full effect to the Summit County, Ohio Common Pleas Court judgment. Applying that judgment to the applicable standard to be

excepted from discharge per 11 U.S.C. § 523(a)(2)(A), this Court finds that it does meet that standard. Therefore, Plaintiff's state court judgment is excepted from discharge.

**IT IS SO ORDERED.**

8

17-01111-jps    Doc 20    FILED 05/24/18    ENTERED 05/25/18 10:15:58    Page 8 of 8